BARKOVITS v. VERES.

1. EXCHANGE OF PROPERTY—RESCISSION—FRAUD.
   Parties trading farm for city property, who knew at time of trade that some rooms of city property had been padlocked by Federal authorities, were properly denied rescission on ground of fraud.

2. INJUNCTION.—BOND MAY BE REQUIRED.
   Bond may be ordered as condition of issuance of temporary injunction.

3. SAME—PARTY ASKING INJUNCTION MAY REFUSE IT ON CONDITION IMPOSED.
   Party asking injunction has option of taking it on condition imposed or of refusing it.

Appeal from Wayne; Hawley (Royal A.), J., presiding. Submitted April 15, 1931. (Docket No. 100, Calendar No. 35,574.) Decided June 1, 1931.

Bill by Arpad Barkovits and another against Mike Veres and another to enforce contract for exchange of property. Cross-bill by defendants for rescission of contract. Decree for plaintiffs. Defendants appeal. Modified and affirmed.

*Edward N. Barnard,* for appellants.

FEAD, J. March 12, 1929, plaintiffs traded the contract interest in a Detroit restaurant and rooming property and $2,325 cash to defendants for a contract interest in a farm. Defendants took possession of the city property and were to retain possession of the farm until about April 15th to hold

an auction sale. Defendants decided not to complete the trade and refused to give plaintiffs possession of the farm.

Plaintiffs brought this suit in equity to enforce possession. Defendants filed answer and cross-bill praying rescission for fraud in that some of the rooms in the city property had been padlocked by the Federal authorities under the prohibition law. The evidence was quite conclusive that defendants knew the situation when they traded and the court properly rejected their claim of fraud. Decree was entered for plaintiffs.

When the bill was filed, a temporary injunction was issued *ex parte* prohibiting defendants from interfering with plaintiffs taking possession of the farm. Defendants moved to dissolve the injunction and in turn asked for a temporary injunction restraining plaintiffs from interfering with defendants' possession of the farm. Upon hearing, the court ordered—

"that the defendants and cross-plaintiffs do forthwith pay to the clerk of this court the sum of $2,000 *received by them in the transaction,* to be held by the clerk pending the final disposition and decree in this cause;"

and further, that the temporary injunction be dissolved; that each retain possession of the property traded by him; that a temporary injunction issue restraining plaintiffs from disturbing defendants' possession of the farm; and that a temporary injunction issue restraining defendants from disturbing plaintiffs' possession of the city property.

In the final decree the court ordered that the $2,000 deposited by defendants be recognized as a cash bond to secure plaintiffs from damages they might suffer from dissolution of the original injunc-

tion and the return of defendants to possession of the farm property. No damages were proved, found, or assessed by the court. Plaintiffs filed no brief in support of this provision of the decree.

A bond may be ordered as a condition of the issuance of a temporary injunction. If ordered, the party asking injunction has the option of taking it on the condition imposed or of refusing it. The order here did not offer defendants such option nor apprise them that the cash deposit was intended or would be held as a bond on injunction. On the contrary, the language indicates that the deposit was required as a sort of tender on the rescission prayed by defendants.

We think the decree must be modified to order return of the deposit to defendants, and, as so modified, is affirmed, with costs of this court to defendants.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.